ply to the present case. The master proposed to the crew to go on this enterprise, to which they agreed, and when they arrived at the wreck he selected such as he thought proper to engage in the immediate agency of transferring the cargo of the Centurion to the Frances Ellen. The libellant was as ready as the rest of the crew to embark in the enterprise; nor does it appear that he refused to perform any duty that was required of him. It was the choice of the master that he should remain on board the Frances Ellen, and if he had not, prudence, I presume, would have required that another man should.

It is alleged as a third objection to the libellant's maintaining this suit, that he "conducted himself on board the said Frances Ellen in a disorderly and disobedient manner, refusing to perform his duty, threatening to poison the crew, breaking and destroying property, and finally wholly refusing to return in said Frances Ellen, so that this respondent was compelled to discharge him on account of his misconduct as aforesaid These are, without doubt, grave charges, and if they could apply to affect the claim set up in this case, would deserve to be carefully considered. But none of this disorderly conduct is charged as having occurred while they were engaged in the business of the salvage. Now without adverting to the insufficiency of the proof with respect to most of the charges, my opinion is, that the misconduct of the libellant in the course of the voyage, if proved, cannot be resorted to as a reason for forfeiting his claim for salvage, when no misconduct is proved during the time they were employed in this service. This was an enterprise apart from the voyage for which he shipped, and his previous offences, although they might affect his claim for wages, cannot be imported into this new and distinct enterprise, though springing up in the course of the voyage, to impair his claim for a share in the reward.

Upon the whole I can see no legal ground upon which the libellant can be excluded from the claim set up in this libel; no evidence has been introduced which goes to distinguish the merits of one man from another. The service does not appear to have been attended with any peculiar danger, nor to have afforded occasion for the display of extraordinary gallantry. The libellant remained on board the Frances Ellen. This was of course by order of the master. No evidence is offered to show that, during the period employed in saving the wreck and bringing her into port, he declined any duty which was required of him. As I see no reason for making a distinction between this man and the rest of the crew, I shall allow him the same sum which the master allowed to the others with costs.

Decree of seventeen dollars and costs.

C. E. PAGE, The.   See Case No. 13,540.

## Case No. 2,555.

### The CERES.

[The case reported under above title in 7 Wkly. Notes Cas. 576, and 10 Cent. Law J. 113, is the same as Case No. 12,881.]

CERES, The.   See Case No. 12,881.

CERES, The (SIMPSON v.).   See Case No. 12,881.

## Case No. 2,556.

### In re CERF.

[11 N. B. R. 143;[1]  7 Chi. Leg. News (1874) 79.]

District Court, E. D. Texas.

DISCHARGE IN BANKRUPTCY.

A voluntary bankrupt whose assets are not equal to thirty per cent. of the claims proved against his estate, upon which he was liable as principal debtor, and who has not obtained the consent of one-fourth of his creditors in number and one-third in value, is not entitled to his discharge under the bankrupt act, as amended June 22, 1874 [18 Stat. 180].

[In bankruptcy. In the matter of Louis Cerf.]

MORRILL, District Judge. I have been requested to reconsider the decision heretofore made in this case, and accordingly have given it as much consideration as is consistent with other duties. The attorneys for the appellant admit that both the proceedings in bankruptcy and the debts of the bankrupt were subsequent to the 1st day of January, 1869, and previous to the 1st day of December, 1873, but insist that the clause in section 33 of the bankrupt act providing "that no discharge shall be granted to a debtor whose assets shall not be equal to fifty per cent. of the claims proved against his estate, unless the assent in writing of a majority in number and value of his creditors to whom he shall have become liable as a principal debtor, and who shall have proven their claims, be filed in the case, at or before the time of the hearing of the application for discharge," is repealed by the act of June 22, 1874, and that consequently the bankrupt is entitled to a discharge, without any regard to the amount of the assets.

The repealing clause relied upon is contained in the two last lines of the section 9 of the act, which is, "The provision in section 33 of said act of March 2, 1867 [14 Stat. 533], requiring fifty per cent. of such assets, is hereby repealed." We will take from the section what was expressly "hereby repealed," and the section would then read, "no discharge shall be granted to a debtor, * * * unless the consent in writing of a majority in number and value of his creditors, to whom he shall have become liable as principal debtor, and who shall have